UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN ADMIRALTY

IN RE: EVERGLADES AIRBOAT
MANAGEMENT LLC AND EVERGLADES
AIRBOAT RESORTS, LLC, D/B/A CAPTAIN
JACK'S AIRBOAT TOURS (F/K/A CAPTAIN
DOUG'S AIRBOAT TOURS), AS OWNERS,
CHARTERERS, OPERATING MANAGERS OF
THE 2013 18' ALUMITECH AIRBOAT AND
2009 18' ALUMITECH AIRBOAT IN A CAUSE
OF ACTION FOR EXONERATION FROM, OR
LIMITATION OF LIABILITY

Case No:   2:14-cv-380-FtM-29CM

## REPORT AND RECOMMENDATION[1]

Before the Court is Claimant Stephen Palmer's ("Claimant") unopposed [2] Motion to Lift Stay of State Court Proceedings ("Motion") (Doc. 24), filed on November 20, 2014.  Claimant asks the Court to lift the injunction arising out of the Order Restraining Prosecution of Claims (Doc. 9), entered on August 8, 2014, so that he may litigate his claims in Florida state court.  For the reasons that follow, the Court recommends that the Motion be granted.

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  The parties may waive objections to the Report and Recommendation to expedite resolution of the Motion.

[2] Although Petitioners did not file a response, Claimant represents that Petitioners do not object to the granting of the Motion.   Doc. 24 at 4.

## I. Background

Upon receiving notification from Claimant that he intended to pursue a claim for personal injuries arising out of a collision of two vessels on or about March 15, 2013 near Everglades City, Florida, Petitioners Everglades Airboat Management LLC and Everglades Airboat Resorts, LLC filed a Complaint seeking exoneration from, or limitation of, liability in this Court on July 10, 2014. Doc. 1. Specifically, Petitioners seek a determination of their liability regarding a 2013 18' Alumitech Airboat, bearing Hull Identification No. BUJ085441213, Florida Registration No. FL 7584PC, and a 2009 18' Alumitech Airboat, bearing Hull Identification No. A0N01834J909, Florida Registration No. FL 3975NZ (the "Vessels"), pursuant to 46 U.S.C. § 30501 *et seq.* and Rule F of the Supplemental Rules for Admiralty or Maritime Claims, for damages or injuries caused by or resulting from the incident occurring on March 15, 2013 near Everglades City, Florida. Doc. 1. Petitioners also sought Orders for notice to potential claimants arising out of the March 15 incident and restraining prosecution of claims, which subsequently were entered by the Court. Docs. 4, 8, 10, 11.

Claimant timely filed his answer and affirmative defenses to Petitioners' Complaint, and a Claim for personal injuries and damages. Docs. 14, 15. Petitioners, in turn, filed their answer and affirmative defenses to the Claim, and Claimant filed a Reply. Docs. 18, 19. Now, Claimant seeks to pursue his claims for personal injuries in the appropriate Florida state court.

## II.   Discussion

Claimant filed the instant Motion seeking to rectify the apparent tension between the "saving to suitors" clause, 28 U.S.C. § 1333(1), which permits a litigant to choose the forum in which to pursue maritime claims, and the Limitation of Shipowners Liability Act, 46 U.S.C. § 30501 *et seq.* (the "Act"), which permits a shipowner to file a claim for exoneration from, or limitation of, liability in federal court.  Doc. 24 at 2.  So long as the accident in question occurred without the vessel owner's "privity or knowledge," the Act limits the owner's liability to the value of his or her interest in the vessel and its pending freight.   46 U.S.C. app. § 183(a).

The Eleventh Circuit and other courts in this district have addressed the conflict between the saving to suitors clause and the Act.  The Eleventh Circuit explained that, "[i]n resolving this tension, the primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum."  *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996) (quotation marks omitted).  That court determined that claimants may pursue liability and damages issues in the forum of their choosing only in two limited circumstances.  The first, which does not apply here, is where "the limitation fund exceeds the aggregate amount of all the possible claims against the vessel owners."  *Id.* (citing *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152-53 (1957)).  The second circumstance in which claimants are permitted to choose the forum occurs in cases where, as here, there is only a single claimant. *Beiswenger*, 86 F.3d at 1037.

As an initial matter, a claimant must waive any claim of res judicata as to the issue of limited liability based on any state court judgment and concede the shipowner's right to litigate limitation issues in federal limitation proceedings. *Id.* (quoting *Gorman v. Cerasia*, 2 F.3d 519, 524 (3d Cir. 1993)). If the state court, or the federal court (not sitting in admiralty), finds the shipowner liable for the incident and damages in excess of the limitation fund, the parties will be required to return to the admiralty court for further determinations as to the shipowner's knowledge and privity. *Id.* at 1038. Then, if the admiralty court denies limitation, the claimant may enforce his state court judgment. *Id.* Thus, the shipowner's right to have the admiralty court adjudicate the issue of limited liability remains fully protected. *Id.*

Before the lone claimant will be permitted to proceed in another forum, the claimant must enter into certain stipulations that protect the right of the shipowner to have an admiralty court adjudicate limitation of liability. *Id.* at 1037. The claimant in *Beiswenger* entered into stipulations nearly identical to those attached to the Motion in the instant case; and, although the *Beiswenger* court found those stipulations largely adequate, it had "three specific concerns" about whether they sufficiently protected the shipowner's rights. *Beiswenger*, 86 F.3d at 1044; *see* Doc. 24-1.

The court was concerned that the claimant's stipulation to waive res judicata, as stated, could be interpreted too narrowly and therefore did not fully protect the shipowner's rights. To rectify this shortcoming, the court explained:

> The damage claimants must agree not only to waive a "res judicata" defense, but must also agree to waive the related

>  defense of issue preclusion with respect to all matters reserved exclusively for determination by the admiralty court.

*Id.*

Here, Claimant stipulated that he "consents to waive any res judicata effect" of decisions in any other forum, but specifically stipulated that he:

> also waives the related defense of issue preclusion or any other similar defense with respect to all matters reserved exclusively for determination by the Admiralty Court with respect to the Petitioner's Complaint for Exoneration from or Limitation of Liability.

Doc. 24-1 at 3. Thus, the undersigned believes that Claimant has sufficiently stipulated to waive all res judicata and related arguments to permit him to litigate his claim in state court.

The *Beiswenger* court also was concerned that the stipulations, as written, did not sufficiently provide for how the case would proceed in the event the petition for limitation was granted. The Court stated:

> Obviously, if limitation is granted, it would violate the spirit of the Limitation Act for appellees to enforce any judgment that would require [the petitioner] to pay damages in excess of the limitation fund. On remand, the stipulation should be clarified accordingly.

*Beiswenger*, 86 F.3d at 1044.

By contrast, Claimant here has stipulated that he:

> will not seek to enforce any judgment rendered in any state court or other forum, whether against the Petitioner or any other person or entity that would be entitled to seek indemnity or contribution from the Petitioner, by way of cross-claim or otherwise, that would expose the Petitioner to liability in excess of the limitation fund, until such time as this Court has adjudicated the Petitioner's right to

- 5 -

> exoneration or limitation of that liability. *Claimants further stipulate that, in the event this Court grants the Petitioner's Complaint for Exoneration, there shall be no recovery from the Petitioner. Alternatively, Claimant stipulates that, in the event this Court grants the Petitioner's request for limitation of liability and damages, the total aggregate of all claims will be limited to the limitation fund established.*

Doc. 24-1 at 3 (emphasis added). Claimant therefore has adequately stipulated to the manner in which his case will proceed in the event the admiralty court grants either Petitioner's request for exoneration from, or limitation of, liability.

The third area of concern expressed by the Eleventh Circuit in *Beiswenger* related to the extent the stipulations protected the shipowner in any forum outside the limitation proceeding. 86 F.3d at 1044. That court explained that, because the stipulations referred only to "state court," the shipowner may face liability in some other forum.

Here, Claimant has stipulated to not seek a determination of either the extent to which Petitioners are liable for the incident or the value of the vessels at issue "in any state court, or any other forum except this Court"; to waive res judicata and related issues as set forth in greater detail above as to the decisions of "any state court or any other forum"; that he will "not seek to enforce any judgment rendered in any state court or other forum" that would expose Petitioners to liability in excess of the limitation fund; and that any actions taken "in state court, or any other forum" will be consolidated into a single case. Doc. 24-1 at 2, 3, 4.

Other courts in this district, when faced with a single claimant action, have granted similar requests to lift the stay and allow the claimant to proceed in state

court when the claimants' stipulations have comported with *Beiswenger*. *See, e.g.*, *In re Island Maritime Servs., Inc.*, No. 8:10-cv-1632-T-33TGW, 2011 WL 3585937 (M.D. Fla. Aug. 16, 2011). The district court's ability to permit a case to proceed in the claimant's chosen forum, provided the claimant adequately stipulates to protect the rights of the shipowner, also was recently reinforced by the Eleventh Circuit, which stated: "[i]n a single claimant case, the district court may, at its discretion, order a stay of the limitation action to allow the claim to be tried in another forum." *Offshore of the Palm Beaches, Inc. v. Lynch*, 741 F.3d 1251, 1258 (11th Cir. 2014). Thus, because the stipulations entered in the present case comport with *Beiswenger* and adequately protect the vessel owner's rights, the undersigned recommends that the Court should exercise its discretion here and permit Claimant to litigate his claims in the appropriate Florida state court.

### III.   Conclusion

Claimant has entered into stipulations which the undersigned finds adequately protect the shipowner's rights, as set found by the Eleventh Circuit in *Beiswenger*, and Petitioners do not oppose Claimant's request to lift the stay and permit Claimant to litigate his claims in state court. The Court therefore should exercise its discretion to lift the stay of state court proceedings, and permit Claimant to proceed in the appropriate Florida court.

ACCORDINGLY, it is respectfully **RECOMMENDED:**

1.   That the Motion to Lift Stay of State Court Proceedings (Doc. 24) be **GRANTED**.

2. That the Court lift the injunction restraining actions against Petitioners.

3. That the Clerk be directed to stay and administratively close the case.

**DONE** and **ENTERED** in Fort Myers, Florida on this 29th day of December, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record